```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA
```

KELLY JO MENSCH, Individually   )
and as Surviving Spouse of      )
Clifford Mensch, Deceased,      )
                                )
                 Plaintiff,     )
                                )
          v.                    )    CIV-13-164-FHS
                                )
UNITED STATES OF AMERICA,       )
                                )
                 Defendant.     )


## ORDER AND OPINION

    Before the court for its consideration is the Plaintiff's Motion in Limine (Doc. 44). In this motion, Plaintiff argues the Defendant failed to comply with F.R.C.P. 26 and never identified its two experts within its Initial Disclosure as required by the Rule. Plaintiff further argues that when the Defendant finally provided the identity and addresses of its proposed experts, within the Final Witness List on June 5, 2014, the expert reports of those witnesses did not include a list of all other cases in which during the previous four years, the witnesses testified as an expert at trial or by deposition, in violation of Rule 26 (2)(B)(v). Plaintiff does state she was able to schedule the depositions of these witnesses before the expiration of discovery. Defendant responded by arguing that Plaintiff has shown no prejudice or surprise from the omissions. Defendant also states the omissions were promptly corrected when it provided the Plaintiff with the required information.

    This court possesses "broad discretion" to determine "whether a Rule 26 (a) violation is justified or harmless..."

<u>Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Company</u>, 170 F.3d 985, 993 (10th Cir. 1999). These factors should guide the court's discretion on the matter: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." <u>Id</u>. It does not appear that Plaintiff was harmed or prejudiced by the omissions. If Plaintiff was prejudiced by the omissions, the prejudice was cured by the quick supplementation of the relevant information. Further, Plaintiff was able to take the depositions of the two experts before the close of discovery.  There is absolutely no proof that allowing the testimony will disrupt the trial and there is no evidence of bad faith.  The court finds the error Defendant committed in its F.R.C.P. 26 disclosures was harmless. Accordingly, Plaintiff's Motion in Limine (Doc. 44) is hereby **DENIED**.

**IT IS SO ORDERED** this 14th day of July, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma